## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION - AKRON

| | |
|---|---|
| PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., a California Corporation, | Case No.: 25- |
| | District Judge: |
| Plaintiff, | Magistrate Judge: |
| v. | |
| SHERRY K. KIMBLE, an individual, and RALPH K. KIMBLE, an individual, | |
| Defendants. | |

## COMPLAINT

NOW COMES Plaintiff, PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC. ("PRMG"), by and through its undersigned counsel, MADDIN HAUSER ROTH & HELLER, P.C., and for its Complaint against SHERRY K. KIMBLE ("S. Kimble") and RALPH K. KIMBLE ("R. Kimble") (collectively, the "Kimbles"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1. PRMG is a corporation organized under the laws of California with its principal place of business in California.

2. The Kimbles are individuals who, upon information and belief, are domiciled in Ohio.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between citizens of different States and the amount in controversy exceeds $75,000.00.

4. This Court further has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises "under the Constitution, laws, or treaties of the United States," more

specifically, the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq*, and its implementing regulations (collectively, "TILA").

5. All claims pled herein "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over the Kimbles because they are domiciled in Ohio, own real property located at 307 Ruggles Avenue Southeast, Canton, Ohio 44707 ("the Property"), and otherwise have sufficient minimum contacts with the State of Ohio to satisfy due process.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the Northern District of Ohio is "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." *See also* L.R. 3.8(a)-(b).

## GENERAL ALLEGATIONS

8. On June 30, 2025, S. Kimble received a loan from PRMG in the original principal amount of $188,000.00 ("Loan"). **Exhibit A**, Note.

9. The Loan is secured by a Mortgage ("Mortgage") the Kimbles granted to Mortgage Electronic Registration Systems, Inc. ("MERS"), as mortgagee as nominee for PRMG, its successors and assigns, which was recorded as Instrument Number 202507150024266, Page 1 of 16 with the Recorder of Deeds for Stark County, Ohio. **Exhibit B,** Mortgage.

10. MERS assigned the Mortgage back to PRMG, as evidenced by that certain Assignment of Mortgage recorded as Instrument Number 202510230038972, Page 1 of 3 with the Recorder of Deeds for Stark County, Ohio. **Exhibit C**, Recorded Assignment of Mortgage.

11. A dispute has arisen between PRMG, on the one hand, and the Kimbles, on the other hand, regarding whether S. Kimble timely and effectively rescinded the Loan in compliance with the requirements of TILA, 15 U.S.C. § 1635 and 12 C.F.R. § 1026.23.

12. The Kimbles allege that S. Kimble failed to receive the disclosures required by 12 C.F.R. § 1026.23(b) until after the June 30, 2025 closing date for her Loan and, thereafter, timely rescinded the Loan following her receipt of required disclosures.

13. PRMG disagrees that S. Kimble timely and effectively rescinded the Loan pursuant to the requirements of TILA because, regardless of whether S. Kimble received required disclosures, to effectively rescind the Loan, S. Kimble must also tender back the consideration she received, which includes but is not limited to cash and a payoff by PRMG of a substantial credit line with a third-party financial institution. **Exhibit D**, Closing Disclosure.

14. Thus, an actual controversy exists between the parties as to the enforceability of the Note and Mortgage.

15. If the Kimbles prevail in their claim that S. Kimble effectively rescinded the Loan pursuant to TILA, PRMG must be made whole by the Kimbles and/or affected third parties.

16. If the Kimbles do not prevail in their claim, PRMG must be allowed to exercise its rights and remedies under the Note and Mortgage.

17. S. Kimble has not made a payment on the Loan and therefore the Loan remains due for the first August 1, 2025 payment and all payments that have come due thereafter.

18. PRMG has provided the Kimbles with notice of default under the terms of the Note and Mortgage and, despite that notice, the Kimbles have failed and/or refused to cure the default.

19. The total amount due on the Loan, good-through December 31, 2025 is $194,396.09, exclusive of attorney fees, costs, and expenses.

20. PRMG has elected to require immediate payment in full of all sums due under the Note and secured by the Mortgage and to exercise its right to foreclose judicially.

## COUNT I – DECLARATORY JUDGMENT

21. PRMG adopts and incorporates by reference all previous paragraphs as if fully set forth herein.

22. An actual controversy exists between the parties.

23. PRMG claims that the Loan is enforceable and in default for failure to pay amounts due and owing.

24. The Kimbles claim the Loan was timely and effectively rescinded and therefore S. Kimble owes PRMG nothing and the Mortgage is void.

25. Therefore, PRMG respectfully requests that the Court "declare the rights and other legal relations" of the Parties under the Note and Mortgage. *See* 28 U.S.C. § 2201(a).

## COUNT II
## ENFORCEMENT OF JUNE 30, 2025
## PROMISSORY NOTE AGAINST S. KIMBLE

26. PRMG incorporates and adopts the preceding allegations by reference as if fully restated herein.

27. The Note is a valid and enforceable negotiable instrument pursuant to Article 3 of Ohio's Uniform Commercial Code ("UCC").  *See*. R.C. § 1303.03.

28. The Note is payable to the order of PRMG.

29. PRMG is the holder of the Note and is in possession of the instrument; therefore, PRMG is entitled to enforce the instrument.

30. S. Kimble has failed to make required payments under the Note and is due for the August 1, 2025 monthly installment and all monthly installments that have come due thereafter,

together with late fees, interest, attorneys' fees, costs, and other charges authorized by the Note and Mortgage and Ohio law.

31. Therefore, S. Kimble is in default under the terms of the Note.

32. PRMG has provided S. Kimble with notice of her default but she has failed and/or refused to cure her breach and thus PRMG has elected to declare all sums due under the Note immediately due and payable.

33. As a direct and proximate result of S. Kimble's default under the terms of the Note, PRMG has suffered and continues to suffer damages.

## COUNT III
## FORECLOSURE OF THE MORTGAGE

34. PRMG adopts and incorporates by reference all previous paragraphs as if fully set forth herein.

35. The Mortgage is a valid and binding contract between PRMG and the Kimbles.

36. The Kimbles breached their obligations under the Mortgage, including by failing to pay amounts due under the Note.

37. PRMG has provided the Kimbles with notice of their breach, but the Kimbles have failed and/or refused to cure their breach or otherwise meet their obligations under the Mortgage.

38. As a direct and proximate result of the Kimbles' breach of the Mortgage, PRMG has suffered and continues to suffer damages.

39. PRMG is entitled to judicially foreclose its Mortgage pursuant to the power of sale therein.

WHEREFORE, PRMG respectfully requests judgment as follows:

(a) A declaratory judgment in its favor declaring that S. Kimble did not timely and effectively rescind the Loan and, as a result, the Note and Mortgage are enforceable obligations against the Kimbles and their successors and assigns;

(b) A money judgment on the Note against S. Kimble in an amount exceeding $75,000.00, together with late fees, interest, attorneys' fees, costs, and other charges authorized by the Note and Mortgage and Ohio law;

(c) A judgment of foreclosure in PRMG's favor and against the Kimbles and their Property providing that PRMG may sell the Property free and clear of the Defendants' interests therein, may be paid out of the proceeds thereof, that all liens be marshalled, and the equity of redemption of all Defendants and all persons claiming under or through them be foreclosed.

Respectfully submitted,

MADDIN HAUSER ROTH & HELLER, P.C.

By: /s/David Hart
David E. Hart (Bar# 0080438)
One Towne Square, Fifth Floor
Southfield, MI 48076
248-827-1884
dhart@maddinhauser.com
*Attorneys for Paramount Residential Mortgage Group, Inc.*

Dated: December 9, 2025